TO BE PUBLISHED

# Supreme Court of Kentucky

### 2020-SC-0071-KB

KENTUCKY BAR ASSOCIATION                                    MOVANT


V.                          IN SUPREME COURT


EDMUND VICTOR SMITH                                    RESPONDENT


### OPINION AND ORDER

Edmund Victor Smith was admitted to practice law in Kentucky on October 12, 1990. His Kentucky Bar Association number is 83589 and his bar roster address is 1225 Huntington Avenue, Huntington, West Virginia 25701. The Board recommends this Court find Smith guilty of violating SCR[1] 3.130(1.4)(a)(4); SCR 3.130(1.16)(d); and SCR 3.130(3.4)(c). After conducting a *de novo* review of the record, we agree with the Board that Smith is guilty of all three counts charged and suspend him from practicing law in Kentucky for sixty-one days and assess him the costs of these proceedings.

## I. Factual and Procedural Background

During September 2018, Smith was approached by Jamie Napoli to aid her in the dissolution of marriage action her husband had filed. Smith agreed to handle the case, providing that Napoli paid him a $2,500 retainer by mid-November of that year. While Napoli did not have the funds immediately, she

---

[1] Kentucky Supreme Court Rules.

placed a $200 down payment with Smith and sent him the original paperwork associated with the divorce. When Napoli realized that she would not be able to raise the funds necessary to secure Smith's services she contacted him, requesting the return of her deposit and the paperwork she had sent to him.

Instead of promptly returning Napoli's deposit and documents, Smith chose to ignore her repeated entreaties. Only after Napoli filed a bar complaint in April 2019 did Smith return the $200 while still retaining the original paperwork. In July 2019, Smith was privately admonished with conditions; namely that he return the documents to Napoli within 30 days and provide the Office of Bar Counsel proof that he had done so. Smith was additionally warned that if he did not challenge the admonition and if he did not comply with the order, he would be subject to further possible sanctions. Smith filed no challenge and did not return Napoli's file to her within the 30-day allotment.

Consequently, in September 2019, the Inquiry Commission charged Smith with violating SCR 3.130(1.4)(a)(4); SCR 3.130(1.16)(d); and SCR 3.130(3.4)(c). While Smith personally signed for the charges which were sent by certified mail, he neither answered nor responded to the Inquiry Commission in any way. Thereafter Smith's charges came to the Board of Governors by default; where he was found unanimously guilty on all three charges. Although the Board of Governors was unanimous in its vote to convict Smith of violating the relevant rules they did not satisfy SCR 3.370(5)(c), which requires that "[e]ach roll call vote under (5)(a) or (b) shall be agreed upon by 11 or ¾ of the members of the board present and voting on the proceedings, whichever is less[.]" Of the sanctions discussed, nine members

2

voted that Smith receive a 61-day suspension and pay the costs of this action; while seven members voted for a 30-day suspension, successful completion of an EPEP course, and to pay the costs in this action.

## II. Analysis

Due to the Board's failure to satisfy SCR 3.370(5)(c) and recommend a sanction we are compelled to review the record *de novo.* In doing so, we note that this is not the first instance in which Smith has failed to adequately communicate with his clients; nor the first time that he has refused to return the unearned portions of his fee, at least until faced with a formal bar complaint. In July 2015, Smith was privately admonished for violating, among other rules, SCR 3.130(1.3); SCR 3.130(1.4)(a); and SCR 3.130(1.16)(d).

SCR 3.130(1.4)(a)(4) requires that "[a] lawyer shall[]…promptly comply with reasonable requests for information[.]" Napoli's request for the unearned portion of her fee as well as her original documents when she could not afford it was eminently reasonable and required Smith to respond to her entreaties. Smith's failure to return either Napoli's original documents or fee also violated SCR 3.130(1.16)(d); requiring lawyers take the necessary steps to "protect a client's interests, such as […] surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred."

Finally, Smith knowingly disobeyed the Board's instruction to return Napoli's documents to her in a timely manner. This violated SCR 3.130(3.4)(c) which does not allow a lawyer to "knowingly disobey an obligation under the

3

rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists[.]"

Given Smith's previous transgressions, and finding no mitigating factors in his favor, it is hereby ordered that:

(1) Edmund Smith is suspended from the practice of law in this Commonwealth for a period of sixty-one days for his violations of SCR 3.130(1.4)(a)(4); SCR 3.130(1.16)(d); and SCR 3.130(3.4)(c).

(2) In accordance with SCR 3.450, Smith shall pay all costs associated with these proceedings, said sum being $125.87, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: December 17, 2020.

_____
CHIEF JUSTICE